

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:                          Attention: T. M. Trimble

Opinion No. O-1578
Re: Authority of school board to
charge tuition for transfer
of students between wards in
Independent School District.

We are in receipt of your letter of September 2,
1939, in which you request the opinion of this department
upon the following question:

"May an Independent School District, hav-
ing more than one ward school, charge tuition
for permitting the transfer of children from one
elementary district to another in the same school
system?"

Article 2780, Revised Civil Statutes, 1925, provides:

"Said trustees shall adopt such rules, regu-
lations and by-laws as they may deem proper; and
the public free schools of such independent dis-
tricts shall be under their control; and they
shall have the exclusive power to manage and
govern said school, and all rights and titles to
property for school purposes . . ."

Under our school laws, children of scholastic age
who reside in an Independent School District are entitled to
attend the schools therein and secure the benefits of the
public education offered without the payment of tuition fees.
However, it does not necessarily follow that where more than
one school within the district is maintained, such child or

Honorable L. A. Woods, Page 2

its parents may arbitrarily select one school for the child to attend or that the Board of Trustees may not make reasonable rules and regulations for the transfer of such pupils between the various wards within the district, as the necessity arises.

In the case of Johnson vs. City of Dallas (T. C. A. 1927) 291 S. W. 972, the School Board entered an order that no pupil should be admitted to the public schools unless he was vaccinated against small-pox. The court in upholding such regulation stated:

"It is obvious that exclusive control of the public schools of the city of Dallas was given its Board of Education by these charter provisions, with power to establish all rules and regulations necessary to maintain an efficient system of schools. . . . Therefore, any regulation intended and reasonably calculated to prevent the introduction or spread of such a contagion among school children bears a direct and very intimate relation to the maintenance of efficient schools. As we view the matter, the Board of Education, in adopting the compulsory order for vaccination, acted on a purely administrative matter, clearly within its jurisdiction."

The School Board of the Fort Worth Independent School District reorganized certain schools within the district, which would require some of the pupils to attend schools more distant from their homes. The Court of Civil Appeals refused to set aside such action in Boydstum vs. Fort Worth Independent School District (1930) 33 S. W. (2d) 811, and in so doing stated:

"By the terms of that article (2780) the public free schools of an independent district are declared to be under the control of the trustees, 'and they shall have the exclusive power to manage and govern said schools'. It has been repeatedly held that, in the absence of circumstances not appearing in this case, the power thus given the trustees of an independent school district is exclusive and precludes any power on the part of the court to interfere with or control the good faith action by them. . . .

Honorable L. A. Woods, Page 3

It is held that the decisions of the State Super-
intendent are final unless revised by the
State Board of Education, and courts will not
interfere unless there is a clear abuse of his
discretionary powers or the law, and they will
not consider whether his decision is wise or
expedient."

It is apparent that in independent school districts
which have more than one school and which are divided into
wards for the purpose of an effective distribution of stu-
dents, some provision must be made for the proper regulation
of the transfer of pupils between the wards in order to secure
maximum efficiency and prevent overcrowding and other evils
which might arise. Reasonable rules and regulations designed
for this purpose would, we think, be an administrative matter
within the competent authority of the board of trustees,
which has 'a very intimate relation to the maintenance of
efficient schools'.

Having determined that appropriate action may be
taken by the local school board, it is beyond the province of
this department to consider whether the action is wise or
expedient, but we may only determine that it is within the
legal authority of the board of trustees, and it has some
reasonable relation to the end sought to be attained. Fur-
ther review of the administrative action by the local board
of school trustees is placed under the sound discretion of the
State Superintendent of Public Instruction.

It is our opinion that an independent school district,
having more than one ward school, may charge tuition for per-
mitting the transfer of children from one elementary district
to another in the same school system.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVEDSEP 19, 1939

COC:GO _Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWH
CHAIRMAN